UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JACK MCKENZIE AND                              CIVIL ACTION
MARY MCKENZIE

VERSUS                                         NO. 06-9959

STATE FARM FIRE AND                            SECTION "C" (3)
CASUALTY COMPANY

<u>ORDER AND REASONS</u>

Before the Court is a motion to remand filed by the plaintiffs, in which they

allege that this Court lacks diversity subject matter jurisdiction under 28 U.S.C. §§  1332

and 1369 (Rec. Doc. 6).  To its motion to remand, the plaintiffs attached a stipulation in

which they assert that the amount in controversy is less than $75,000, exclusive of

interest and costs.  The Court assumes that the stipulation refers to the amount in

controversy at the relevant time of removal.  Thus, the Court lacks diversity subject

matter jurisdiction.

Furthermore, this Court has previously held that the MMTJA is not applicable in

cases such as this.  Hurricane Katrina itself was not an "accident" within the terms of §

1369.  See, *Fidelity Homestead Ass'n,* 2006 WL 2873562; *Southern Athletic Club, LLC,* 2006 WL 2583406, *6; *Berry v. Allstate Ins. Co.,* 2006 WL 2710588, *3 (E.D.La. 2006) (J. Zainey); *Carroll v. Lafayette Ins. Co.,* 2006 WL 2663013, *3 (E.D.La. 2006) (J. Lemelle); *Southall v. St. Paul Travelers Ins. Co. et. al.,* 2006 WL 2385365, *5 (E.D.La. 2006) (J. Barbier).  Therefore, Standard Fire cannot rely on the MMTJA for federal question subject matter jurisdiction.

Accordingly,

IT IS ORDERED that the plaintiffs' motion to remand is hereby **GRANTED**.

However, the motion is **DENIED** as to the plaintiffs' request for attorney's fees and costs.

New Orleans, Louisiana, this 23rd day of January, 2007.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE